By the Court.
The single question made in this record is this, Did the common pleas judge presiding at the trial of the prisoner on the charge of murder in the first degree, and later upon the inquest of insanity, have jurisdiction, upon the finding of the jury as to the then insanity of the prisoner, to commit the prisoner upon such verdict to the Lima State Hospital.for the insane?
It is admitted that the statutes, Section 13608 et seq., and particularly Sections 13577, 13614 and 13608 must furnish the answer to this question.
Upon the first reading of the statutes they appear somewhat cloudy and confusing. Upon a careful study of them, they become comparatively clear. It must be admitted that inquests of insanity have been generally committed to the probate court, but there are particular provisions dealing with inquests of insanity which arise or would in due course arise in certain proceedings touching indictments had in cases in the court of common pleas.
Cases of the first class, over which the court of common pleas has jurisdiction, arise by virtue of Section 13577, General Code, the pertinent part of which reads as follows:
“If a grand jury upon investigation of a person accused of crime finds such person to be insane, it *407 shall report such finding to the court of common pleas. Such court shall order a jury to be impaneled to try whether or not the accused is sane at the time of such impanelling, and such court and jury shall proceed in a like manner as provided by law when the question of the sanity of a person indicted for an offense is raised at any time before sentence.”
Cases of the second class providing for inquest of lunacy in a court of common pleas arise under Section 13614, General Code, the pertinent part of which reads:
“If a person under indictment appears to be insane, proceedings shall be had as provided for persons not indicted because of insanity. If such person is found to be insane he shall be committed to the Lima state hospital until restored to reason when the superintendent thereof shall notify the prosecuting attorney of the proper county who shall proceed, as provided by law, with the trial of such person under indictment.”
It will be observed that this is a very recent statute, 98 Ohio Laws, 239, and deals with the particular inquests of insanity held in the court of common pleas.
It will be observed that by Section 13577, above quoted, it is provided:
“Such court [the common pleas court] and jury shall proceed in a like manner as provided by law when the question of the sanity of a person indicted for an offense is raised at any time before sentence.”
It is admitted by the parties hereto that this evidently refers to Section 13608, an old statute that *408 has been in force for a half century or more. It should be noted that not all of Section 13608 is adopted by the later section, Section 13577, but only such part of it as relates to how the court and jury shall proceed “to try whether or not the accused is sane at the time of such' impanelling.”
Now Section 13608, and sections following, deal specifically with the impaneling of a jury, the burden of proof, the number that must concur in the verdict, and other matters touching the procedure to determine the sanity or insanity.
It is admitted that all those matters were complied with in this case, and when the jury determined that sanity or insanity, then the provisions of Section 13608 had fulfilled their purpose so far as they are in any wise referred to or incorporated in Section 13577.
Then Section 13577 continues specifically and imperatively to direct what shall be done upon the return of a verdict that the prisoner is insane, “he shall be committed to the Lima state hospital until restored to reason.” And the question here is, Who shall commit him?
The common pleas court is a court of general jurisdiction over crimes and those charged with crimes. It is admitted of course that this is beyond the jurisdiction vested in the probate court. It would be the sheerest folly after a statute provides that a grand jury investigating crimes within a county shall make a report to the court of common pleas of such matters, and further expressly and explicitly provides for the trial of the issue of sanity or insanity in said court, to presume that *409 upon a finding by the jury upon such issue the court would be powerless to finally commit the prisoner to an institution of the state, but must turn him over to some other court for that ministerial and mandatory duty. And this court would not so hold, unless the language of the statute was so clear as to deprive the court of common pleas of jurisdiction to act.
The more so because the order of commitment is one that is purely ministerial and could in no wise be prejudicial to the accused. It matters not to accused whether the court of common pleas makes the order, or whether the probate court makes the order, it would be equally effective, .and a commitment in the Lima state hospital would be equally obligatory.
We have thus discussed Section 13577 because that statute clearly applies in construing Section 13614, under which the particular proceedings in this case were had; and this is agreed to by all counsel in this case.
Furthermore, the commitment to the Lima state hospital of the prisoner charged with murder in the first degree is legally only for a temporary custodianship, in the hope of a restoration to reason. While the Lima state hospital is the actual custodian of the prisoner under the order of the court of common pleas, the court of common pleas is legally the continued custodian of the prisoner, and upon the prisoner’s restoration to reason she must be restored to the court of common pleas, not the probate court, for further proceedings upon the charge contained in the indictment.
*410 We hold therefore:
First. That Sections 13577 and 13614, General Code, are later expressions of the legislative will than Section 13608 et seq., and where they are in conflict, the later sections must control.
Second. That Section 13608 relates only to a motion upon the part of the attorneys for the defendant, and gives the prosecuting attorney for the state no right whatsoever to move for an inquest of insanity in the court of common pleas, whereas the later Sections 13577 and 13614 give the prosecuting attorney of the county the right to so move.
Third. That the only parts of Section 13608 et seq. adopted by Sections 13577 and 13614 are the parts that relate to the procedure to determine the sanity or insanity of the accused. Said parts in no wise control Sections 13577 and 13614 in the order to commit the person so found to be insane.
Fourth. The order of commitment is a ministerial and mandatory order explicitly written into the statute. The accused could in no wise be prejudiced by an order committing the prisoner made by the court of common pleas, which would be equally mandatory upon the probate court were the latter given the custodianship of the prisoner for the mere purpose of commitment.
Fifth. That the fair and reasonable intendment of the general assembly of Ohio under the later, more specific and ■ particular statutes dealing with persons accused of crime in the court of common pleas was to give- to that court full jurisdiction to fully hear and determine the questions, and to make *411 all final orders necessary upon the determination of such questions, as provided by said statutes.
We hold, therefore, that the judgment below must be affirmed.

Judgment affirmed

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.